IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE McCLENDON, ) | |
| ) | Case No. CV-05-087-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| v. ) | **DECISION AND ORDER** |
| ) | |
| HEWLETT-PACKARD COMPANY, a ) | |
| Delaware Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Defendant Hewlett-Packard's ("HP") request for judicial notice of administrative records, motions to dismiss,[1] motions to strike,[2] and motion for protective order. The Court also has before it Plaintiff Mike McClendon's ("McClendon") motion for partial summary judgment.[3] The Court

---

[1] HP moved to dismiss Count One, McClendon's Sarbanes-Oxley claim, under Rule 12(b)(1), or, in the alternative, moved for summary judgment under Rule 56 on that claim. HP also moved to dismiss Count Two, McClendon's ERISA claim, under Rule 12(b)(6), or, in the alternative, moved for certification of the issue for interlocutory appeal under § 28 U.S.C. 1292(b)(2).

[2] HP moved to strike McClendon's demand for a jury trial and general and emotional distress damages under Rule 12(f). HP also moved to strike paragraphs 12-19 in the Complaint under Rule 12(f).

[3] McClendon moved for an order granting partial summary judgment under Rule 56 on the Court's subject matter jurisdiction, the timeliness of his Sarbanes-Oxley claim (Count One), and his entitlement to proceed under Section 510 of ERISA (Count Two).

**Memorandum Decision and Order - 1**

heard oral arguments on May 20, 2005, and took the motions under advisement. For the reasons that follow, the Court will grant Defendant's request for judicial notice, Defendant's motion to strike paragraphs 12-19 in the Complaint, and Defendant's motion for protective order. The Court will grant the motions for summary judgment in part and deny them in part.

## BACKGROUND

Sometime before February 2003, McClendon began working as an HP Emulation Team Project Manager. In 2004, HP removed McClendon from the Project Manager position. McClendon currently works in a different HP job. On July 8, 2004, McClendon filed a Sarbanes-Oxley complaint with the Occupational Safety and Health Administration ("OSHA"). After a series of administrative actions, the Department of Labor ("DOL") ultimately granted McClendon's request for leave to proceed with judicial proceedings.

On or before February 2003, McClendon worked as Project Manager. He claims that his Emulation Team consisted of individuals classified as HP employees and individuals classified as contingent, or "contract" workers. McClendon allegedly voiced fears at meetings and via e-mails to HP lawyers, senior managers, and Office of Business Practice investigators that HP utilized contract workers in violation of Federal and State employment laws. McClendon maintains that his

**Memorandum Decision and Order - 2**

open opposition regarding HP's use of contract workers led to a series of negative performance reviews and, ultimately, the loss of his Project Manager position and movement into a lower HP pay band in 2004.

The negative performance reviews began at least as early as May 20, 2003, when McClendon's direct supervisor, Sterling Mortensen issued McClendon a written performance warning. The document cautioned McClendon that, unless he promptly and permanently improved his performance, he could face further corrective action or even lose his job. McClendon received another less-than-satisfactory performance review from Mortensen in January 2004.

On February 27, 2004, per Mortensen's supervisor Sandy Lieske's instructions, McClendon told his Emulation Team that a new Project Manager would be hired to replace him as soon as possible. McClendon then worked as interim Project Manager until HP hired a new Project Manager on April 26, 2004. In June 2004, McClendon started a new job in a different HP section. On or about July 15, 2004, McClendon learned that his job reclassification lowered his HP pay range. McClendon's current salary remains unchanged.[4]

On July 12, 2004, OSHA received McClendon's pro-se administrative

---

[4] Although McClendon's salary is unchanged, the lower pay range may affect his ability to obtain future pay raises.

**Memorandum Decision and Order - 3**

complaint.  McClendon claimed that HP engaged in retaliatory employment action against him in violation of the Sarbanes-Oxley Corporate and Criminal Accountability Act of 2002 ("Sarbanes-Oxley").  On September 22, 2004, OSHA issued its preliminary findings and dismissed McClendon's complaint as untimely.  OSHA explained that, because HP made and communicated the discriminatory employment decision in January 2004, McClendon's July 2004 filing was not timely, given Sarbane-Oxley's 90-day administrative filing period.

On October 12, 2004, McClendon submitted an Objection Letter and a request for a formal hearing with a DOL Administrative Law Judge ("ALJ").  McClendon maintained that the adverse employment action occurred on April 26, 2004 – the new Project Manager hiring date.  McClendon alleged that, though Mortensen ordered him to immediately vacate the Project Manager position, Mortensen did not identify any other job for McClendon to fill.  McClendon also claimed that he did not learn about his pay grade reduction until July 15, 2004.

Prior to the scheduled DOL hearing, Chief ALJ Alexander Karst issued *sua sponte* an Order to Show Cause on December 20, 2004.  Karst explained that McClendon's claim would be found time-barred unless McClendon submitted information to substantiate a timely OSHA filing or demonstrated entitlement to equitable estoppel or equitable tolling.

**Memorandum Decision and Order - 4**

McClendon thereafter acquired legal counsel and, on January 24, 2005, and indicated an intent to opt out of the DOL forum. On January 28, 2005, Chief ALJ Karst dismissed McClendon's Sarbanes-Oxley complaint.

Prior to filing his Complaint in this Court, McClendon provided HP with a courtesy copy. A series of written communications followed. HP alleged that portions of the Complaint contained HP privileged and proprietary information. McClendon filed an unaltered Complaint with the Court.

HP later objected to details which McClendon listed in his affidavit in opposition to HP's motion to strike. On April 26, 2005, HP demanded that McClendon file his affidavit under seal pending a ruling on HP's motion to strike. That day, McClendon filed his affidavit. He placed two sentences under seal.

## DISCUSSION

**1. Request for Judicial Notice of Administrative Records**

A court can take judicial notice of adjudicative facts under Federal Rule of Evidence 201(d) when: 1) the facts are readily determinable by resort to reasonably reliable and accurate sources, 2) a party so requests, and 3) a party supplies the court with the relevant information. The portions of the official DOL records which HP submitted to this Court contain pertinent facts and germane procedural information. *See Transmission Agency of Northern California v. Sierra Pacific*

**Memorandum Decision and Order - 5**

*Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002) (finding records from FERC administrative proceedings relevant and taking judicial notice thereof). HP has satisfied the requirements of Rule 201(d), and this Court will take judicial notice of the DOL administrative record submitted by HP.

**2. Motion for Summary Judgment**

A Sarbanes-Oxley whistleblower must commence administrative action within 90 days of the alleged adverse employment action. 18 U.S.C. § 1514A(b)(2)(D). HP alleges that McClendon filed his OSHA complaint after the 90-day statutory filing limit expired. HP asserts a factual jurisdictional attack under Rule 12(b)(1) or, alternatively, moves for Rule 56 summary judgment. McClendon seeks partial summary judgment under Rule 56, requesting a determination that his OSHA complaint was timely and that this Court therefore has subject matter jurisdiction over the complaint.

The Court will review both motions under the standards governing summary judgment motions because, in federal question cases, jurisdictional dismissals are available in exceptionally limited circumstances. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Such dismissals are generally warranted where the statutory claim is "immaterial," "made solely for the purpose of obtaining federal jurisdiction," or "wholly insubstantial and frivolous." *Meyer*, 373 F.3d at

**Memorandum Decision and Order - 6**

1039 (quoting *Bell v. Hood*, 327 U.S. 678, 682–683 (1946)).  HP has submitted no such arguments to this Court.

Furthermore, HP's motion must be analyzed as a Rule 56 motion for summary judgment because the Sarbanes-Oxley Act provides the basis for this Court's subject matter jurisdiction and McClendon's substantive claim for relief. *Meyer*, 373 F.3d at 1039.  The jurisdictional issue of timeliness depends upon the resolution of factual issues going to the merits of McClendon's Sarbanes-Oxley claim.  *Id*. at 1040.  As a result, when analyzing each motion, this Court must view the evidence in the light most favorable to the non-moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is appropriate only if the evidence before the Court shows that no genuine issues of material facts remain in dispute and that the moving party is entitled to judgment as a matter of law.  *Id.* Because there are disputed material issues of fact, the Court will grant in part and deny in part both motions.

The Sarbanes-Oxley 90-day filing period begins to run when the employer makes and reasonably communicates the discriminatory adverse employment decision to the employee.  *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980); 29 C.F.R. § 1980.103(d).  This is true even if the employee does not experience its effects until a later date.  *Ricks*, 449 U.S. at 258.  Each separate and

**Memorandum Decision and Order - 7**

discrete discriminatory employment act starts a new clock for the filing of an administrative claim. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

The Ninth Circuit takes an expansive view in determining what constitutes an adverse employment action. *See Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000). Under this expansive standard, an employment action is adverse if it is reasonably likely to discourage an employee from participating in legally protected activity. *Id.* at 1243. Adverse employment decisions include altering an employee's duties or even transferring an employee to "another job of the same pay and status." *Id.* (internal citations omitted). Additionally, the Ninth Circuit employs a subjective and objective inquiry to identify adverse employment action. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2004).

McClendon needs to show that he filed his July 2004 administrative complaint within 90 days of the alleged adverse employment action. 18 U.S.C. § 1514A(b)(2)(D). HP alleges that McClendon's OSHA filing was untimely because the definitive adverse employment action occurred on February 27, 2004, when it informed McClendon that he was no longer the Emulation Team Project Manager. To the extent that McClendon's claim is based on that removal, HP is correct and is entitled to summary judgment.

**Memorandum Decision and Order - 8**

However, McClendon asserts that separate and discrete adverse employment actions occurred on and after April 26, 2004 – the date on which he was actually removed as Project Manager. Specifically, McClendon contends that he (1) was not immediately reassigned another job, (2) was left to sit in a conference room without any job assignment, (3) was not placed in a different HP job until sometime in June 2004, and (4) was ultimately assigned a job with a reduced pay range. Each of these alleged actions would appear to constitute adverse employment activity under the Ninth Circuit's expansive definition. *See Ray v. Henderson*, 217 F.3d at 1241. Since each separate and discrete discriminatory employment act starts a new clock for the filing of an administrative complaint, McClendon's OSHA filing was timely if it asserted this treatment as adverse employment activity. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113.

Accordingly, the Court will grant HP's motion for summary judgment to the extent that McClendon's claims are based upon his February 27 removal as the Emulation Team Project Manager. The Court will deny HP's motion as to McClendon's allegations that he experienced other adverse employment action on and after April 26.

Conversely, the Court will deny McClendon's motion for partial summary judgment to the extent that it seeks a judicial determination that he filed a timely

**Memorandum Decision and Order - 9**

administrative complaint with regard to his removal as Project Manager, but will grant McClendon's motion to the extent it seeks a ruling that he filed a timely administrative complaint with respect to his allegations that he was subjected to other adverse employment action which occurred on and after April 26.  The Court's decision to grant McClendan's motion for partial summary judgment is very limited, and only addresses the timeliness of his administrative complaint.  The Court does not reach the issue of whether his post-April 26 claims were included in his administrative complaint, whether they constituted actual adverse employment action, and whether McClendon has exhausted any required administrative remedies.  Those issues will be left for another day.

**3. Motion to Dismiss**

### A.  ERISA does not require testimony in a legal or administrative inquiry or proceeding

Section 510 of the Employment Retirement Income Security Act ("ERISA"), or the ERISA participation clause, prohibits employers from discriminating against any employee who "has given information or has testified or is about to testify *in any inquiry or proceeding*" relating to ERISA.  29 U.S.C. § 1140 (emphasis added).  HP argues that McClendon improperly invokes ERISA participation clause protection because he did not participate in a legal or administrative proceeding

**Memorandum Decision and Order - 10**

prior to the adverse employment action. McClendon claims that, in the Ninth Circuit, an employee who merely complains to his/her employer engages in protected activity. The Court agrees with McClendon.

On reviewing HP's Rule 12(b)(6) motion, the Court must accept McClendon's factual allegations and construe the Complaint in the light most favorable to McClendon. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). McClendon's ERISA claim should only be dismissed if it appears beyond doubt that McClendon "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

HP invites the Court to adopt the Fourth Circuit's view that, to invoke ERISA participation clause protection, an ERISA fiduciary must participate in a "legal or administrative" proceeding – "or at least something more formal than written or oral complaints made to a supervisor." *King v. Marriott Int'l Inc.*, 337 F.3d 421, 427 (4th Cir. 2003). The *King* court found that, like the similar anti-retaliation provision in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Section 510 utilized "narrower language" than Title VII of the 1964 Civil Rights Act and, as such, dictated a more circumscribed remedy than Title VII. *King*, 337 F.3d at 427. The court also explicitly rejected the broad interpretation adopted by the Ninth Circuit in *Hashimoto v. Bank of Hawaii*, 999 F.2d 408, 411 (9th Cir. 1993).

**Memorandum Decision and Order - 11**

In *Hashimoto,* the court stated that an employee who simply "present[s] the [ERISA] problem first to the responsible managers of the ERISA plan" can invoke ERISA participation clause protection. *Hashimoto v. Bank of Hawaii*, 999 F.2d 408, 411 (9th Cir. 1993).[5] *Hashimoto* involved a terminated employee who brought a state law whistleblower protection claim.  The Ninth Circuit could not have concluded that ERISA preemption applied without the determination that the former employee was qualified to assert ERISA participation protection.  Thus, the pertinent *Hashimoto* language is not dictum, but controlling precedent.

*Hashimoto's* interpretation of the anti-retaliation language in Section 510 is also consistent with the Ninth Circuit's broad interpretation of similar anti-retaliation provisions.  *See Lambert v. Ackerley*, 180 F.3d 997, 1004 (9th Cir. 1999)

---

[5] The pertinent *Hashimoto* language reads:
In addition, ERISA itself provides a remedy for a fiduciary who is discharged because she "has given information or has testified or is about to testify in any inquiry or proceeding relating to [ERISA] or the Welfare and Pension Plans Disclosure Act." 29 U.S.C. § 1140. This statute is clearly meant to protect whistle blowers. It may be fairly construed to protect a person in Hashimoto's position if, in fact, she was fired because she was protesting a violation of law in connection with an ERISA plan. The normal first step in giving information or testifying in any way that might tempt an employer to discharge one would be to present the problem first to the responsible managers of the ERISA plan. If one is then discharged for raising the problem, the process of giving information or testifying is interrupted at its start:  the anticipatory discharge discourages the whistle blower before the whistle is blown.

*Hashimoto*, 999 F.2d at 411.

**Memorandum Decision and Order - 12**

(*en banc*) (The FLSA anti-retaliation provision protects employees who "complain about violations to their employers."); *In re Majewski*, 310 F.3d 653, 655 (9th Cir. 2002) (A broader interpretation of the FLSA's anti-retaliation language effectuates the FLSA's remedial purpose.). Therefore, the Court will deny HP's Rule 12(b)(6) motion to dismiss Count Two. The Court will also deny, as moot, McClendon's Rule 56 motion for partial summary judgment on Count Two.

Moreover, the Court will deny HP's request to certify the issue for interlocutory appeal under 28 U.S.C. § 1292(b)(2) because controlling precedent exists and because interlocutory appeal in the Ninth Circuit is to be applied "sparingly and only in exceptional circumstances." *Marsall v. City of Portland*, 2004 WL 1774532, at *1 (D. Or. Aug. 9, 2004).

### 4. Motions to Strike

#### A. Jury trial and damages remain available

Assuming that the Court would grant its motion to dismiss or summarily adjudicate McClendon's Sarbanes-Oxley claim, HP requests that the Court strike McClendon's demand for a jury trial and general and emotional distress damages because they are not available under McClendon's remaining claims under ERISA. *See Spinelli v. Gaughan*, 12 F.3d 853, 858 (9th Cir. 1993) (A jury trial is not statutorily available under ERISA.); *Vargas v. Child Development Council*, 269

**Memorandum Decision and Order - 13**

F.Supp. 2d 954, 956 (S.D. Ohio 2003) (internal citations omitted) (ERISA does not provide for compensatory, punitive, or extracontractual damages.).  However, because the Court will deny HP's motion to dismiss or summarily adjudicate Count One, the Court will also deny HP's motion to strike McClendon's request for a jury trial and his prayer for general and emotional distress damages.

### B. The Complaint contains immaterial and privileged information

Rule 8(a) mandates that a plaintiff's complaint contain only a "short and plain statement" of the plaintiff's claim.  To ensure compliance with the pleading requirements in Rule 8(a), this Court can strike "redundant, immaterial, impertinent, or scandalous matter" from the record in response to a timely motion as outlined in Rule 12(f).  HP contends that paragraphs 12-19 in the Complaint contain excessive, immaterial, and privileged information.  McClendon alleges that his Complaint contains no objectionable information.  The Court agrees with HP.

The information contained in paragraphs 12-19 has no essential relationship to McClendon's claims.  *Fantasy, Inc. V. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  In addition, paragraphs 13-15 and 18 contain privileged, HP attorney-client communications and McClendon does not have the authority to waive the evidentiary privilege.  *See U.S. v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996); *U.S. v. Martin*, 278 F.3d 988, 999–1000 (9th Cir.

**Memorandum Decision and Order - 14**

2002). Only HP's management may waive this privilege. *Chen*, 99 F.3d at 1502. Thus, the Court will grant HP's motion to strike paragraphs 12-19 in the Complaint.

Within 14 days, McClendon shall prepare and submit an amended Complaint to HP. Then, within 7 days, HP shall review the amended Complaint, evaluate its compliance with Rule 8(a), and attempt to reach an agreement with McClendon regarding the substance of the amended Complaint. If the parties cannot reach an agreement during this time, McClendon and HP shall each, within 7 days thereafter, submit to the Court: 1) a proposed amended Complaint, and 2) a statement indicating why the opposing party's amended Complaint does not reasonably comply with Rule 8(a).

## 5.  Motion for Protective Order

To prevent the further distribution of HP's privileged and proprietary information, the Court will grant HP's motion for a protective order. The parties shall attempt to reach an agreement regarding the terms of the protective order and shall, within 14 days, submit to the Court a stipulated protective order. If the parties cannot reach an agreement during this time frame, McClendon and HP shall each, within 7 days thereafter, submit to the Court: 1) a proposed protective order, and 2) a statement explaining why the opposing party's suggested proposal is not reasonable.

**Memorandum Decision and Order - 15**

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED that the request for judicial notice of administrative records filed by HP (Docket No. 9) is GRANTED.

IT IS FURTHER ORDERED that HP's motion to dismiss Count One or, in the alternative, for summary judgment (Docket No. 3) is GRANTED with regard to McClendon's claim that he was improperly removed as Emulation Team Project Manager. The motion is DENIED with respect to any viable adverse employment claims McClendon has raised with regard to HP's actions on or after April 26, 2004.

IT IS FURTHER ORDERED that McClendon's motion for partial summary judgment on Count One (Docket No. 17) is GRANTED with regard to the timeliness of McClendon's administrative complaint raising issues of adverse employment actions which occurred on or after April 26, 2004. The motion is DENIED as to the timeliness of McClendon's administrative complaint regarding his termination as Emulation Team Project Manager.

IT IS FURTHER ORDERED that the motion to dismiss Count Two or, in the alternative, for certification of the issue for interlocutory appeal, filed by HP (Docket No. 3) is DENIED.

IT IS FURTHER ORDERED that the motion for partial summary judgment

**Memorandum Decision and Order - 16**

on Count Two filed by McClendon (Docket No. 17) is DENIED as moot.

IT IS FURTHER ORDERED that the motion to strike McClendon's demand for a jury trial and for general and emotional distress damages filed by HP (Docket No. 3) is DENIED.

IT IS FURTHER ORDERED that the motion to strike Paragraphs 12-19 of the Complaint filed by HP (Docket No. 11) is GRANTED.

**Memorandum Decision and Order - 17**

IT IS FURTHER ORDERED that the motions for protective order filed by HP (Docket No. 27) is GRANTED.



DATED:  **June 9, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 18**