IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE McCLENDON, ) | |
| ) | Case No.  CV-05-087-S-BLW |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| HEWLETT-PACKARD COMPANY,) | |
| a Delaware Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Order Requiring that H-P Personnel be Directed Not to Destroy Records Which Would be Pertinent to this Case (Docket No. 47).  The Court also has before it Defendant's Motion to Strike Plaintiff's Evidence Preservation Motion and Portions of the Affidavit of Robert C. Huntley (Docket No. 51).[1]

---

[1] The Court also has before it Plaintiff's Request for a Determination as to Jurisdiction for Subsequent Acts of Retaliation Arising out of the Same Series of Events (Docket Nos. 62 and 63).  However, as the Court stated during the July 28, 2005 status conference, Defendant's response to the motion is due 21 days after the July 28 status conference, Plaintiff's reply brief is due 10 days after Defendant files its response brief, and the Court will not issue an opinion on the motion until it is fully briefed.

**Order -- Page 1**

## BACKGROUND

The Background of this case has been set forth in numerous filings, including this Court's recent June 9, 2005 Memorandum Decision and Order. Accordingly, the Court will not re-state the background here.

## DISCUSSION

**1.      Request for Preservation Order**

Federal courts throughout the United States apply different standards to determine whether an evidence preservation order should issue. Some federal courts hold that the requirements for issuing an injunction be satisfied before a preservation order may issue. *See e.g., Madden v. Wyeth*, 2003 WL 21443403 (N.D. Tex., April 16, 2003); *Pepsi Coal Bottling Co. V. Cargill*, 1995 WL 783 (D. Minn., Oct. 20, 1995). Other courts suggest that in issuing a preservation order, courts need not observe the rigors of the analysis ordinarily employed in issuing injunctions. Rather, a court should inquire whether a preservation order is necessary and not unduly burdensome. *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 (2004). Still, other courts employ some type of balancing test. *See e.g. Capricorn Power Co. Inc. V. Siemens Westinghouse Power Co.*, 220 F.R.D 429, 433 (W.D. Pa. 2004). The Ninth Circuit has not set forth its standard for issuing a preservation order.

This Court agrees with the Federal Claims Court in *Pueblo, supra*, that the rigors of the analysis ordinarily employed in issuing injunctions is not necessary when determining whether to issue a preservation order. This Court agrees that "a document preservation order is no more an injunction than an order requiring a party to identify witnesses or to produce documents in discovery." *Pueblo,* 60 Fed. Cl. at 138, n.8. For example, as the court stated in *Pueblo, supra*, there is "no reason for [the court] to consider whether plaintiff is likely to be successful on the merits of its case in deciding whether to protect records from destruction." *Id*.

This Court also agrees that some type of balancing test should be employed to assist the Court in determining whether to issue a preservation order. The Court finds that the balancing test set forth in *Capricorn, supra*, is consistent with the Federal Rules of Civil Procedure and addresses the need to perform the Court's duty to decide discovery disputes. Accordingly, the Court will apply the *Capricorn* balancing test, which entails consideration of the following three factors: "1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the

**Order -- Page 3**

evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation." *Capricorn,* 220 F.R.D at 433-34.

Additionally, the Court will heed the *Capricorn* court's acknowledgment that the type of evidence will change from case to case and the attendant circumstances of each case will dictate the necessity of the preservation order requested. *Id*. The Court will exercise its discretion and use the factors in the balancing test to assist the Court by focusing on important areas which arise in most cases. However, the Court will also consider any other factors it deems relevant to a determination of whether to issue a preservation order.

Plaintiff, Mike McClendon, requests that the Court order Defendant, Hewlett-Packard ("H-P"), to preserve all documents related to an October 14, 2003 meeting referenced in the deleted portions of McClendon's initial Complaint, and to preserve all records pertaining to hiring, termination and payment practices relative to "contract" workers from the year 2000 to the present. McClendon asserts that a preservation order is necessary because H-P has no intention of directing its personnel to preserve evidence or to deviate from H-P's periodic destruction of records. See Affidavit of Robert C. Huntley in Support of Motion to Preserve Evidence (Docket No. 47). McClendon further asserts that he "will be

greatly and irreparably prejudiced if the evidence relative to the subject matter of the whistle-blowing and McClendon's reasonable belief that he was properly complaining of misconduct is destroyed." Id.

Applying the balancing test to the case at bar, the Court finds that a preservation order is not warranted under the present circumstances. First, McClendon's allegations do not raise the Court's concern for the continuing existence and integrity of the evidence. McClendon's assertions are without specific factual support and without proof that H-P has or will destroy evidence. "[W]here the need expressed by the moving party for a preservation order is based upon an indefinite or unspecified possibility of the loss or destruction of evidence, rather than a specific, significant, imminent threat of loss, a preservation order usually will not be justified." *Capricorn,* 220 F.R.D at 435. Moreover, H-P, in response to McClendon's request for a preservation order, states that H-P and its counsel are well aware of the uncompromising duty to preserve relevant records, especially after litigation has begun, and that H-P takes pains to respect this duty. See Defendant's Opposition to Plaintiff's Motion for Evidence Preservation Order (Docket No. 49). Thus, the Court cannot conclude that the integrity of the evidence is threatened

Second, with respect to the possibility of irreparable harm to McClendon,

Order -- Page 5

the Court finds that McClendon's assertions are unjustified. As this Court stated in its June 9, 2005 Memorandum Decision and Order, McClendon fails to show how the evidence he suggests should be subject to a preservation order is essential to his claims. Thus, even if the Court was concerned that the documents will be destroyed, the Court finds that the level of harm to McClendon would be insignificant.

      Third, although neither party addressed the issue in their brief, the Court can reasonable assume that H-P is quite capable of preserving the evidence sought to be preserved. Furthermore, H-P stated on more than one occasion in its brief that it is fully cognizant of its obligation to preserve evidence that is or may become relevant to a pending litigation. H-P likewise does not complain that it would be burdensome or even difficult to maintain the evidence. Thus, it appears that H-P's ability to preserve the evidence is a non-issue. Still, because there is no indication that the evidence sought to be preserved is in danger of being destroyed, or that any irreparable harm would come from its destruction, the Court will not issue a preservation order simply because H-P has the ability to maintain the evidence. Absent "any significant past, present or future threat to the continuing integrity or existence of the evidence, such an order is superfluous." *Capricorn, supra,* 220 F.R.D. at 434.

**Order -- Page 6**

Finally, the Court is aware of no other reasons that warrant the issuance of a preservation order. The Federal Rules of Civil Procedure, THE Local Rules, and H-P's assertion that it is cognizant of its duty to preserve evidence sufficiently address the preservation of evidence in this case at this time. Accordingly, the Court will not issue a preservation order.

**2.     Motion to Strike Plaintiff's Evidence Preservation Motion and Portions of Affidavit of Robert C. Huntley**

H-P moves the Court to strike Plaintiff's Motion for Evidence Preservation and the Affidavit of Robert C. Huntley in support of the motion. H-P filed its Motion to Strike and supporting memorandum of points and authorities on June 17, 2005.

Pursuant to Local Rule 7.1(c)1, McClendon "must serve and file a response brief . . . within twenty (21) days after service upon the party of the memorandum of points and authorities of the moving party." Local Rule 7.1(c)1. To date, over forty-five (45) days since H-P filed its Motion to Strike, McClendon has filed neither a response to the Motion to Strike nor a motion seeking an extension of time to file a response. Local Rule 7.1(e) states that "[i]n the event an adverse party fails to file any response documents required to be filed under this rule in a timely manner, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application."

**Order -- Page 7**

Local Rule 7.1(e).  Accordingly, the Court will treat McClendon's failure to respond as a consent to the granting of the Motion to Strike and will grant the motion in its entirety.²

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Order Requiring that H-P Personnel be Directed Not to Destroy Records Which Would be Pertinent to this Case (Docket No. 47) be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Evidence Preservation Motion and Portions of Affidavit of Robert C. Huntley (Docket No. 51) be, and the same is hereby, GRANTED.

DATED: **August 10, 2005**



B. LYNN WINMILL
Chief Judge
United States District Court

---

² The Court is granting H-P's Motion to Strike because counsel for McClendon failed to respond to the motion in a timely manner, pursuant to the Local Rules of the District of Idaho. Thus, the Court did not address the substance of the motion. The Court will note, however, that the substance of the motion was based on an additional assertion that counsel for McClendon failed to adhere to the Local Rules. The Court therefore cautions counsel to be cognizant of the Local Rules in the future.

**Order -- Page 8**

**Order -- Page 9**