IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MIKE McCLENDON, | ) | |
| | ) | Case No.  CV-05-087-S-BLW |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| HEWLETT-PACKARD | ) | |
| COMPANY, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Plaintiff's Request for a Determination as to

Jurisdiction for Subsequent Acts of Retaliation Arising out of the Same Series of

Events (Docket No. 63), Defendant's Motion to Dismiss First and Second Causes

of Action in Plaintiff's First Amended Complaint (Docket No. 71), Defendant's

Request for Judicial Notice (Docket No. 74), Defendant's Motion to Strike

Plaintiff's Request for a Determination as to Jurisdiction (Docket No. 79), and

Plaintiff's Motion for Leave to file Supplemental Affidavit of Mike McClendon in

Opposition to Motion to Dismiss (Docket No. 115).

The Court held oral argument on Defendant's Motion to Dismiss First and

Order -- Page 1

Second Causes of Action in Plaintiff's First Amended Complaint on October 17, 2005.  However, the Court will address all five motions in this Memorandum Decision and Order.  In summary, the Court will (1) deny the Plaintiff's Request for a Determination as to Jurisdiction, (2) grant the Defendant's Request for Judicial Notice, (3) grant the Defendant's Motion to Dismiss on the ground that he has failed to exhaust his administrative remedies as to his Sarbanes-Oxley claim and has not adequately alleged, as part of his ERISA claim,  that he is a plan participant, and (4) will consider the remaining two motions as having been rendered moot by this decision.

## BACKGROUND

Prior to the spring of 2003, McClendon worked as an Emulation Team Project Manager for Hewlett Packard ("HP").  On February 27, 2004, HP informed McClendon that he would be removed from his position as Project Manager.  On that same day, at the request of his supervisor, McClendon told his Team that he would be replaced as Project Manager as soon as possible.  McClendon continued to work as interim Project Manager until HP hired the new Project Manager on April 26, 2004.  Approximately six weeks later, in June, 2004, McClendon started a new job in a different HP section.

On July 8, 2004, McClendon filed a Sarbanes-Oxley complaint with the

Occupational Safety and Health Administration ("OSHA").  On July 15, 2004,

McClendon learned for the first time that his job reclassification lowered his HP

pay range.

On July 12, 2004, McClendon filed his administrative complaint with

OSHA.  On September 22, 2004, OSHA issued its preliminary findings and

dismissed McClendon's complaint as untimely.  OSHA explained that

McClendon's claim, based upon his February 27 removal as Project Manager, was

untimely given the Sarbanes-Oxley 90-day administrative filing period.

On October 12, 2004, McClendon submitted an Objection Letter and a

request for a formal hearing with a DOL Administrative Law Judge ("ALJ").

McClendon argued that the adverse employment action occurred on April 26,

2004, the date he was actually replaced, and not February 27, 2004, the date he was

advised that he would be removed as Project Manager.  McClendon argued that

although his supervisor ordered him to immediately vacate the Project Manager

position, his supervisor did not identify any other job for McClendon to fill at that

time.  McClendon also claimed that he did not learn about his pay grade reduction

until July 15, 2004.

Prior to the scheduled DOL hearing, Chief ALJ Karst issued an Order to

Show Cause on December 20, 2004.  Karst explained that McClendon's claim

**Order -- Page 3**

would be found time-barred unless McClendon submitted information to substantiate a timely OSHA filing or demonstrated entitlement to equitable estoppel or equitable tolling.

McClendon then hired legal counsel and, on January 24, 2005, indicated an intent to opt out of the DOL forum.  On January 28, 2005, Chief ALJ Karst dismissed McClendon's Sarbanes-Oxley complaint.  On March 9, 2005, McClendon filed his Complaint in this Court.  HP filed its responsive pleading, a motion for summary judgment on timeliness grounds, on March 30, 2005.

On June 9, 2005, the Court issued a Memorandum Decision and Order holding that the alleged adverse action of removing McClendon from his position as the Emulation Team Project Manager occurred on February 27, 2004.  The Court further found that McClendon's July 8, 2004 administrative complaint was time-barred because it was filed more than 90 days after the adverse action.

The Court left open, however, the question of whether McClendon had timely filed an administrative complaint or exhausted his administrative remedies as to other adverse employment actions.  The Court concluded that each separate and discrete discriminatory act starts a new clock for the filing of an administrative complaint.  Thus, any adverse employment action complained of in McClendon's July 8, 2004 administrative complaint would be timely, if it related to events

**Order -- Page 4**

occurring within the preceding 90 days.

McClendon filed his First Amended Complaint on July 18, 2005. McClendon seeks a determination that the Court has jurisdiction over the claims asserted in his Sarbanes-Oxley claim in his First Amended Complaint.  HP seeks to dismiss the remaining claims in Plaintiff's First Amended Complaint because McClendon failed to exhaust his administrative remedies as to his Sarbanes-Oxley claim and because he failed to state a proper ERISA claim.

## DISCUSSION

### A.     Request for Judicial Notice

As the Court stated in its June 9, 2005 Memorandum Decision and Order, a court can take judicial notice of adjudicative facts under Federal Rule of Evidence 201(d) when: (1) the facts are readily determinable by resort to reasonably reliable and accurate sources, (2) a party so requests, and (3) a party supplies the court with the relevant information.  The portions of the DOL administrative records submitted by HP to this Court in docket no. 74 contain pertinent facts and germane procedural information.  *See Transmission Agency of Northern California v. Sierra Pacific Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002).  HP has satisfied the requirements of Rule 201(d), and this Court will take judicial notice of the DOL administrative records submitted by HP.

**Order -- Page 5**

**B.     McClendon's Request for Jurisdiction and HP's Motion to Dismiss**

**1.     Sarbanes-Oxley Claim**

McClendon seeks a determination that this Court has  jurisdiction over his

Sarbanes-Oxley claim, while HP seeks dismissal of McClendon's Sarbanes-Oxley

claim for failure to exhaust administrative claims.  Thus, both motions seek a

resolution of whether McClendon has exhausted his remedies before OSHA.  "In

deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the

court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v.*

*Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  In resolving the facts at issue

here, the Court will consider the DOL documents of which it has taken judicial

notice.

Before an employee can assert a cause of action in federal court under the

Sarbanes-Oxley Act, the employee must file a complaint with the Occupational

Safety and Health Administration ("OSHA") and afford OSHA an opportunity to

resolve the allegations administratively.  18 U.S.C. § 1514A(b)(1)(A).  A

Sarbanes-Oxley whistleblower must commence his administrative action within 90

days of the alleged adverse employment action.  18 U.S.C. § 1514A(b)(2)(D).  The

complaint must include "a full statement of the acts and omissions, with pertinent

dates, which are believed to constitute the violations."  Id.  If the employee meets

the administrative filing requirements, and OSHA does not issue a final decision

within 180 days of the filing of the administrative claim, the employee may

proceed with an action in federal court.  18 U.S.C. § 1514A(b)(1)(B).

In its June 9, 2005 Memorandum Decision and Order, the Court held that HP

removed McClendon from his position as the Emulation Team Project Manager on

February 27, 2004, and that McClendon's July 8, 2004 administrative complaint

was therefore time-barred to the extent it relied upon that claim.  However, the

Court expressly left open the question of whether McClendon had asserted in his

administrative complaint other separate and discrete adverse claims which were

based upon events which occurred less than 90 days prior to the filing of the

complaint.  Such claims would be timely.  *See Nat'l R.R. Passenger Corp. v.*

*Morgan*, 536 U.S. 101, 113 (2002).[1]

McClendon now contends that his July 8, 2004 administrative complaint

timely asserted two adverse employment claims:

––––––––––––––––––

[1] As discussed below, and in *Willis v. Vie Financial Group, Inc.*, 2004 WL 1774575 (E.D.Pa. 2004), the charge filing provisions of the Sarbanes-Oxley Act and Title VII contain very similar language.  Thus, this Court finds that the holding In *Nat'l R.R. Passenger Corp. v Morgan*, 536 U.S. 101 (2002), that each discrete discriminatory employment act starts a new clock for the filing of an administrative claim, holds equally true in a Sarbanes-Oxley claim. This is especially true, considering the purpose of the administrative scheme underlying the Sarbanes-Oxley Act.  Under the Sarbanes-Oxley Act, the administrative scheme "is judicial in nature and is designed to resolve the controversy on its merits, as opposed to the administrative procedures underlying Title VII."  *Willis*, 2004 WL 1774575 at *5.

**Order -- Page 7**

1.     The April 26, 2004 stripping of job duties and being placed in a
       cubicle for six weeks with no job duties coupled with
       suggestions Mr. McClendon should resign.

2.     The July 15, 2004 pay band demotion which was presented to
       OSHA three days before the 90-day time period ran.

As noted above, the Court has already determined that McClendon cannot proceed

on his claim that HP stripped him of his job duties.  McClendon has not provided

the court with any reason to reconsider its earlier decision that HP unequivocally

communicated its decision to remove him as Emulation Team Project Manager on

February 27, so that his July 8 filing was not timely.  *Delaware State College v.*

*Ricks*, 449 U.S. 250, 258 (1980); 29 C.F.R. § 1980.103(d).

       The Court now concludes that the remaining claims must be dismissed

because they have not been administratively exhausted.  The courts have construed

the Supreme Court's decision in *Morgan* as holding that in Title VII cases each

discrete incident of discrimination or retaliation constitutes its own unlawful

employment practice for which administrative remedies must be exhausted.  *See*

*Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003) (citing *Morgan*, 536

U.S. at 110-113).  Moreover, the rule stated in *Morgan* is applicable to claims

based on facts occurring both before and after the filing of an administrative claim.

*Id*.  Thus, *Morgan* requires dismissal of a Title VII claim that has not been

presented to the administrative agency in a separate complaint or in an amendment

Order -- Page 8

to an existing complaint.  *See Willis v. Vie Financial Group, Inc.*, 2004 WL 1774575, *5 (E.D.Pa. 2004).

　　This result is even more compelling in the Sarbanes-Oxley context because of the difference between the administrative procedures underlying the two statutes.  *Id*.  As explained in *Willis:*

> The administrative scheme underlying the Sarbanes-Oxley Act is judicial in nature and is designed to resolve the controversy on its merits, as opposed to the administrative procedures underlying Title VII. . . . [T]he Sarbanes-Oxley Act provides for an investigation of the actions alleged in the complaint, an issuance of findings and a preliminary order, a right to a hearing before an ALJ, a review before the Administrative Review Board, and a review before the Circuit Court of Appeals.  These procedures stand in contrast to those of Title VII, which are geared toward fostering settlement.  The purpose of permitting subsequent, unexhausted Title VII claims to proceed was to foster informal conciliation.
>
> Under the Sarbanes-Oxley Act procedures, a claimant could not appeal a subsequent claim, which was not before the ALJ, to the Administrative Review Board.  An appeal of an ALJ decision to the Administrative Review Board is limited to the factual determinations of the administrative law judge under the substantial evidence standard.  A subsequent appeal to the Court of Appeals is based on the record of the case, which includes the proceedings before an ALJ.  If an ALJ issued a decision based on a record that did not include an allegation of a wrongful termination, the administrative plaintiff could not raise the termination on appeal.
>
> The same analysis should apply in this situation, where a

**Order -- Page 9**

> court action in brought after the administrative process
> has run for 180 days without final resolution of the
> claims asserted in the administrative complaint.  In each
> case, the question is one of administrative exhaustion.
> The Court of Appeals can review only those claims that
> have been administratively exhausted.  Similarly, this
> Court can only conduct a 'de novo review' of those
> claims that have been administratively exhausted.

*Id*. at *5-6. (internal citations omitted).  This Court agrees with the reasoning set

forth in *Willis*.  Thus, the Court finds that it can only review those separate and

distinct claims asserted in McClendon's administrative complaint.

McClendon did not assert an adverse claim based on his pay band decrease

in his initial complaint with OSHA on July 8, 2004.  In fact, McClendon did not

even learn about his pay band decrease until July 15, 2004.  At that time,

McClendon could have amended his claim to include the pay band claim.  See 29

C.F.R. § 18.5(e).  McClendon did not do so.

Instead, McClendon first mentioned the pay band decrease in his objection

filed with the ALJ after OSHA dismissed his claim.  However, McClendon did not

raise the pay band decrease in the form of a supplement or request for leave to

amend his administrative complaint.  (See HP's Request for Judicial Notice, Ex.

D).  McClendon raised the issue as support for his contention that the 90-day filing

period on his earlier claim, his claim that he was wrongfully removed as Emulation

Team Project Manager, began to run on April 26, 2004, not February 27, 2004.  Id.

**Order -- Page 10**

Likewise, a review of the administrative record before the Court reveals that McClendon never presented OSHA with a claim for placing him in a cubicle without work for six weeks.

McClendon's administrative complaint did not include claims for either the pay band decrease or the six weeks without work.  Thus, McClendon has failed to exhaust his administrative remedies as to both of these discrete claims, and the Court will dismiss McClendon's Sarbanes-Oxley claim.

### 2.   ERISA Claim

HP also seeks dismissal of McClendon's ERISA claim.  In reviewing HP's motion, the Court must accept McClendon's factual allegations and construe the First Amended Complaint in the light most favorable to McClendon.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). McClendon's ERISA claim should only be dismissed if it appears beyond doubt that McClendon "can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

HP claims that McClendon has failed to allege the essential facts of his ERISA claim.  The relevant statute states as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee

> benefit plan, this subchapter, section 1201 of this title, or
> the Welfare and Pension Plans Disclosure Act [29
> U.S.C.A. § 301et seq.], or for the purpose of interfering
> with the attainment of any right to which such participant
> may become entitled under the plan, this subchapter, or
> the Welfare and Pension Plans Disclosure Act. It shall be
> unlawful for any person to discharge, fine, suspend,
> expel, or discriminate against any person because he has
> given information or has testified or is about to testify in
> any inquiry or proceeding relating to this chapter or the
> Welfare and Pension Plans Disclosure Act. The
> provisions of section 1132 of this title shall be applicable
> in the enforcement of this section.

29 U.S.C. § 1140.  The provisions of section 1132 provide that only the Secretary

and plan participants, beneficiary and fiduciaries may bring suit.  29 U.S.C. §

1132.

   This Court has already held, pursuant to *Hashimoto v. Bank of Hawaii*, 999

F.2d 408 (9th Cir. 1993), that an employee can invoke the ERISA participation

clause by simply presenting the ERISA problem first to the responsible managers

of the ERISA plan.  This Court also stated, however, that the Ninth Circuit, in

*Hashimoto*, could not have concluded that ERISA preemption applied without the

determination that the former employee was qualified to assert ERISA

participation protection.

   McClendon's First Amended Complaint focuses mainly on his Sarbanes-

Oxley claim.  McClendon asserts, however, that it is reasonable to infer from the

**Order -- Page 12**

allegations in his complaint that he is a participant or beneficiary in the plan, that he has provided information regarding violations of ERISA, and that he has been discriminated and retaliated against because of these actions.  The Court cannot reasonably make those inferences based on the First Amended Complaint.  However, if the facts exist, the Court will allow McClendon to amend his First Amended Complaint to better reflect his ERISA claim.  If McClendon chooses to amend, the Court gives the following guidance on what must be included in order to maintain his ERISA claim.

McClendon must assert one of the following two scenarios: (1) he is a plan participant, beneficiary or fiduciary, and he was discharged, fined, suspended, expelled, disciplined, or discriminated against for either (a) exercising his right under ERISA or (b) for the purpose of interfering with his attainment of any right to which he may become entitled under the plan; or (2) he is a plan participant, beneficiary or fiduciary, and he was discharged, fined, suspended, expelled, disciplined, or discriminated against because he has given information or has testified or is about to testify in any inquiry or proceeding relating to ERISA. Again, as decided in *Hashimoto*, an allegation that McClendon presented his ERISA problem first to the responsible manager of the ERISA plan will fulfill the requirement that McClendon has given information or has testified or is about to

testify in an inquiry related to ERISA.

The Court will give McClendon 20 days to file his amended complaint if he chooses to do so.

## C.    Additional Pending Motions

Pending before the Court, but not fully briefed, are the following motions: (1) Defendant's Motion to Strike Plaintiff's Prayer for General and Emotional Distress Damages and Related Jury Trial Demand (Docket No. 105), and (2) Plaintiff's Motion for Equitable Estoppel, Imposition of Sanctions, and Expedited Briefing Schedule (Docket No. 120).

Given the result reached in this Memorandum Decision and Order and the uncertainty of whether McClendon can or will amend the complaint to properly assert an ERISA claim, HP may or may not wish to proceed with its motion (Docket No. 105).  If HP chooses to proceed, counsel should contact the Court for a hearing date.  If HP chooses not to proceed, the Court asks that HP withdraw its motion.

With respect to McClendon's motion (Docket No. 120), given the outcome stated in this Memorandum Decision and Order, the Court will treat the motion as one for reconsideration of this decision, as well as the Court's June 9 Memorandum Decision and Order.  HP shall file its response in the normal course,

that is, 21 days after the opening brief was filed.  McClendon shall have 10 days

thereafter to file a reply brief.   Counsel should contact the Court for a hearing date.

## ORDER

Based on the above Memorandum Decision,

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Request

for Judicial Notice (Docket No. 74), shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss First and

Second Causes of Action in Plaintiff's First Amended Complaint (Docket No. 71),

shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Request for a Determination as

to Jurisdiction for Subsequent Acts of Retaliation Arising out of the Same Series of

Events, (Docket No. 63), shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to file

Supplemental Affidavit of Mike McClendon in Opposition to Motion to Dismiss

(Docket No. 115), shall be, and the same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's

Request for a Determination as to Jurisdiction (Docket No. 79), shall be, and the

same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Plaintiff shall have leave to file a second

amended complaint amending his ERISA claim.  Plaintiff shall have 20 days from the date of this Order to file the second amended complaint if he chooses to do so.

DATED:  **October 27, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order -- Page 16**