IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MIKE McCLENDON, | ) | |
| | ) | Case No.  CV-05-087-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| HEWLETT-PACKARD | ) | |
| COMPANY, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Court has before it Plaintiff's Motions for Equitable Estoppel and

Imposition of Sanctions (Docket Nos. 120 and 124).  As the Court stated at the

October 17, 2005, hearing, the Court will treat the motions as motions to

reconsider the Court's June 9 and October 27 Orders.

## INTRODUCTION

In its June 9, 2005 Order, the Court granted Hewlett-Packard Company

("HP") summary judgment on McClendon's Sarbanes-Oxley ("SOX") claim as it

relates to McClendon's assertion that he was improperly removed as Emulation

Project Team Manager.  HP subsequently filed another motion seeking dismissal of

McClendon's remaining SOX claims, as well as his ERISA claim.  On the same

day that the Court held oral argument on that motion, McClendon filed his motion

**Memorandum Decision and Order - 1**

for equitable estoppel and sanctions (Docket No. 120).  The Court informed counsel at the hearing that if it granted HP's motion to dismiss, it would treat McClendon's motion as one for reconsideration.  The next day, McClendon filed what appeared to be a duplicate motion for equitable estoppel and sanctions (Docket No. 124).

On October 29, 2005, the Court did, in fact, grant HP's motion to dismiss on the ground that McClendon had failed to exhaust his administrative remedies as to his remaining claims.  In its October 29 Order, the Court informed the parties that it would treat McClendon's motions as motions for reconsideration.  Subsequently, the parties fully briefed the issue, and the Court held oral argument on December 1, 2005.  At that hearing, McClendon re-focused his argument, suggesting that the Court erred in granting HP's motions because McClendon's October 2004 Letter of Objection ("Objection") properly amended his initial administrative complaint. The Court instructed the parties to submit supplemental briefs addressing McClendon's re-focused argument.  The parties submitted their briefs and the issue is now before the Court.

## ANALYSIS

Reconsideration is appropriate only if one of the following three criteria are met: (1) the Court is presented with newly discovered evidence; (2) the Court

committed clear error or its decision was manifestly unjust; or (3) there is an intervening change in controlling law.  *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

McClendon contends that the Court should reverse its earlier rulings because he timely asserted a claim for being barred from management positions at HP. Specifically, McClendon argues that the October 2004 Objection he filed in the administrative proceeding started anew or amended his July 2004 complaint to include a claim that he was barred from management positions at HP.  McClendon therefore asserts that he exhausted his administrative remedies on that claim in a timely manner.  For the reasons discussed below, the Court disagrees.

## I.    **McClendon's Objection Was Not An Amendment To His Complaint**.

The regulations for filing a SOX administrative complaint state that "[n]o particular form of complaint is required, except that a complaint must be in writing and should include a full statement of the acts and omissions, with pertinent dates, which are believed to constitute the violation."  29 C.F.R. §1980.103(b).  The regulations also set forth the following process for amendments and supplemental pleadings and the circumstances in which such amendments will be permitted:

> If and whenever determination of a controversy on the merits will be facilitated thereby, the administrative law judge may, upon such

**Memorandum Decision and Order - 3**

conditions as are necessary to avoid prejudicing the public interest and the rights of the parties, allow appropriate amendments to complaints, answers, or other pleadings; provided, however, that a complaint may be amended once as a matter of right prior to the answer, and thereafter if the administrative law judge determines that the amendment is reasonably within the scope of the original complaint. When issues not raised by the pleadings are reasonably within the scope of the original complaint and are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings, and such amendments may be made as necessary to make them conform to the evidence. The administrative law judge may, upon reasonable notice and such terms as are just, permit supplemental pleadings setting forth transactions, occurrences or events which have happened since the date of the pleadings and which are relevant to any of the issues involved.

29 C.F.R. § 18.5(e). None of these provisions have been satisfied. First, McClendon did not amend his complaint prior to the answer being filed. Second, the issues which McClendon wants to assert here, specifically that he was barred from management positions at HP, were not tried by express or implied consent in the administrative proceedings. Third, the administrative law judge did not permit any supplemental pleadings in the matter. Indeed, McClendon did not seek permission from the Administrative Law Judge to file an amended complaint, the Administrative Law Judge did not give McClendon permission to file and amended complaint, and the Objection itself said nothing about being an amended complaint. Finally, the Administrative Law Judge did not consider the Objection to be an amended claim reasonably within the original complaint. Therefore,

**Memorandum Decision and Order - 4**

McClendon's original complaint was not amended.

As stated in the Court's earlier Orders, the only claim asserted in McClendon's administrative complaint was a claim that HP removed McClendon from his position as Emulation Team Project Manager, and that claim was time barred.  Since McClendon did not effectively amend the administrative complaint to assert the claims he wishes to pursue here, the Court concludes that it correctly dismissed McClendon's SOX claim in its entirety.

## II.   McClendon Failed To Assert A Claim That HP Barred Him From Management Positions.

Even if the Court were to construe McClendon's Objection as an amended complaint, the Objection failed to assert a claim that he was barred from management positions at HP.  McClendon asserts that the following language in the Objection asserts such a claim:

> January: No demotion, suspension, termination, or change in the nature of my job.  When I left that meeting, I returned to exactly the same job I was doing before the meeting.

> April: No demotions, suspension, or termination - but a *substantial change* in the nature of may job.  Mortensen ordered me to step aside, without identifying any other job for me to do.

(McClendon Brief Re April 26th Event of No Further Job Assignment Having Been Presented to OSHA Proceeding) (emphasis in original).  These statements

**Memorandum Decision and Order - 5**

say nothing about being barred from management positions at HP.  They only re-assert McClendon's claim that he was removed from his then current position as Emulation Project Team Manager.

## CONCLUSION

McClendon has failed to present the Court with newly discovered evidence. He also has failed to show an intervening change in controlling law in this case. Finally, McClendon has failed to show that the Court committed clear error or that its decision was manifestly unjust.  *See School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Accordingly, the Court will deny the motions for reconsideration.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motions for Equitable Estoppel and Imposition of Sanctions (Docket Nos. 120 and 124)

shall be, and the same are hereby, DENIED.

DATED:  **February 8, 2006**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 7**